**Wendell David DANIELS, Appellant,**

v.

**Sheila R. ALLEN, Appellee.**

**No. 12-90-00002-CV.**

Court of Appeals of Texas, Tyler.

May 31, 1991.

---

Eldred Smith, Longview, for appellant.

Ron White, Dallas, for appellee.

RAMEY, Chief Justice.

This is an appeal from a judgment wherein appellant was found to be the natural father of appellee's child. Appellant was ordered to pay child support and other expenses, and conservatorship of the minor child was established. We will affirm.

The only issue on appeal relates to the award of attorney's fees by the trial court against appellant. In two points of error appellant contends first that the trial court erred in awarding any attorney's fees, asserting that there is no pleading to support such an award; and second, that the award of one-half of the fees as costs and necessi-

ties was likewise unsupported by any pleading.

In her first amended original petition appellant alleged that:

It was necessary to secure the services of H. Ron White, a licensed attorney, to preserve and protect the child's rights. Respondent, WENDELL DAVID DANIELS, should be ordered to pay a reasonable attorney's fee, and a judgment should be rendered in favor of this attorney and against the Respondent; or, in the alternative, such reasonable attorney's fee should be taxed as costs and should be ordered paid directly to the undersigned attorney.

The amended petition included allegations of, but did not contain a prayer specifically asking for attorney's fees or costs. The prayer simply asked that citation and notice issue, that appellant be established as the child's father and appropriate orders be entered for conservatorship and support, and for general relief.

During the hearing on the issues of conservatorship and support, appellee called her attorney, H. Ron White, to testify about attorney fees. Appellant's objection to White's testimony was in regard to the failure to designate White as an expert witness. White testified as to the time expended on the case by himself and assisting attorneys Mary Lou Tevebaugh and Billy Ray Martin, as well as the hourly rate charged for the services.

The trial court entered its judgment wherein it ordered:

[Appellant] shall pay to H. RON WHITE for his services to SHEILA RENEE ALLEN, attorney's fees and costs in the amount of $31,500.00.

IT IS FURTHER ORDERED AND DECREED that one-half of the $31,500.00 are assessed as costs and awarded as necessaries to the child and shall be paid as child support on the following schedule, until one-half is satisfied:

a. $4,500.00 within 30 days of the signing of this decree;

b. $11,250.00 to be paid in installments of $2,812.00 beginning September 15,

1989, ($2812.00), November 1, 1989 ($2812.00), May 1, 1990 ($2812.00).

IT IS FURTHER ORDERED AND DE-CREED H. RON WHITE shall have judgment against [Appellant] for $15,-750.00 the remaining one-half of attorney's fees, for which let execution issue.

A similar disposition was made for $2,500 of attorney's fees to Mary Lou Tevebaugh and $500 of attorney's fees to Billy Ray Martin. No objection was voiced on the basis of a lack of pleadings for attorney's fees.

■ We find that appellee adequately pleaded for attorney's fees as awarded in the judgment. It is well established that a judgment must be based upon pleadings. *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979). The key to determining whether a cause of action has been pleaded is whether there are sufficient allegations to give fair notice of the claim, not whether certain magic words are used in certain portions of the petition. *See Stoner,* 578 S.W.2d at 683; *Westchester Fire Insurance Co. v. Nuckols,* 666 S.W.2d 372, 375 (Tex.App.—Eastland 1984, writ ref'd n.r.e.). A prayer for general relief will support any relief raised by the evidence and pleadings consistent with allegations in the petition. *Sherrod v. Bailey,* 580 S.W.2d 24, 29 (Tex. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

The award of attorney's fees in this case was supported by the evidence and was consistent with the allegations of appellee's petition. The first point of error is overruled.

Appellant's second point of error complains that there was no pleading to support the award of one-half of the attorneys fees as *"necessaries"* for the child. Appellant did raise this objection in his motion for new trial wherein he stated:

The Court erred in finding one-half of $31,500.00 ($15,750.00) assessed as attorney's fees and court costs as necessaries to the child, as such finding was made independently of any pleading or prayer by [Appellee] and the child, and therefore was not before the Court, and further no evidence whatsoever was presented to warrant or permit such finding.

■ A parent has the obligation to support his minor children and provide the necessities of life for them. *Creavin v. Maloney,* 773 S.W.2d 698, 702–703 (Tex. App.—Corpus Christi 1989, writ denied); TEX.FAM.CODE ANN. § 4.02 (Vernon Supp. 1991). Section 4.02 imposes liability upon a parent for necessaries provided to his child by another person, even if that other person is the custodial parent. *Creavin,* 773 S.W.2d at 703; *Schwartz v. Jacob,* 394 S.W.2d 15, 20–21 (Tex.App.—Houston 1965, writ ref'd n.r.e.). It is settled that attorney's fees rendered in prosecution or defense of a suit affecting the parent-child relationship may be awarded as necessaries to the child, even where the fees are incurred by the unsuccessful party. *Drexel v. McCutcheon,* 604 S.W.2d 430, 435 (Tex. App.—Waco 1980, no writ); *Perkins v. Freeman,* 501 S.W.2d 424, 429–430 (Tex. App.—Beaumont 1973), *rev'd on other grounds,* 518 S.W.2d 532 (Tex.1974).

■ In this case, appellee pleaded that it was necessary to secure the services of attorneys to protect the interests of the child. We conclude that this was sufficient to invoke the trial court's authority to award the attorney's fees incurred by appellee on behalf of the child in order to establish the parent-child relationship with appellant. The second point of error is overruled.

The judgment of the trial court is *affirmed.*