**In the Interest of A.J.L. and E.M.L.**

No. 2–01–341–CV.

Court of Appeals of Texas,
Fort Worth.

May 8, 2003.

Bryan L. Walter, McKinney, for Appellant.

BeAnn Sisemore, Fort Worth, Kathleen Barnett, Arlington, for Appellee.

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

Appellant Brian Angove Smale ("Smale") appeals from the trial court's finding that he lacked standing to pursue modification of a custody order governing possession and access to two minor children, A.J.L. and E.M.L. In three points, Smale complains that the trial court erred by: (1) finding that he lacks standing to request modification; (2) denying him a final trial before a jury; (3) refusing to allow him to conduct discovery; and (4) ordering him to pay attorney's fees "in the nature of child support." We modify the judgment to delete all language decreeing that the attorney's fee award against Smale be adjudged in the nature of child support, and, as modified, we affirm the trial court's judgment, including the award of attorney's fees against Smale.

### II. FACTUAL AND PROCEDURAL HISTORY

Appellee Kathryn Ann (Lunsford) Smale, now Kathryn Ann Brown ("Brown"), gave birth to A.J.L. and E.M.L. during her marriage to Earl Lunsford, Jr. ("Lunsford"). Brown and Lunsford divorced in July 1992. The Lunsford divorce decree expressly found that A.J.L. and E.M.L. were children of the marriage between Brown and Lunsford, named Brown as managing conservator and Lunsford as possessory conservator, and set forth the terms of possession and access to the two children. In November of 1995, Brown, who had by then married Smale, filed a motion to modify the parent-child relationship under cause number 296–52713–95. The trial court heard Brown's motion and entered an order modifying Lunsford's visitation rights and child support obligations ("the Lunsford Custody Order").

The marriage between Brown and Smale ended in divorce in October 1997, in cause number 296–52044–97 ("the Smale Divorce Decree"). The Smale Divorce Decree expressly found that there were no minor children born to or adopted of the marriage and that none were expected. Pursuant to the Smale Divorce Decree, a permanent injunction was entered against Smale prohibiting him "from contacting [Brown] or her two minor children, [E.M.L.] and [A.J.L.] in any manner and from coming to or around their residences, schools or places of employment and from remaining at said locations." Apart from the permanent injunction, the only mention of A.J.L. and E.M.L. in the Smale

Divorce Decree is on "Exhibit A," which lists the children's personal effects as Brown's separate property.

On November 30, 2000, Smale filed a "Petition to Modify Parent Child Relationship" in Collin County under cause numbers 296–52713–95 and 296–52044–97. The orders Smale requested modified were the permanent injunction entered in the Smale Divorce Decree (no. 296–52044–97) and the Lunsford Custody Order (no. 296–52713–95). Smale requested that the two causes be consolidated into cause number 296–52713–95, claiming that both lawsuits involved common questions of law and fact and that consolidation would serve the convenience of the court and litigants. The Collin County district court granted Smale's motion to consolidate. Brown then filed a motion to transfer the consolidated suit from Collin County to Tarrant County, the county of residence of A.J.L. and E.M.L. The Collin County district court granted Brown's motion, transferring the case and creating cause number 360–312390–01.

In his petition, Smale sought appointment as joint managing conservator of his former stepchildren, A.J.L. and E.M.L., and requested that the permanent injunction entered against him in the Smale Divorce Decree be vacated. Smale requested possession of A.J.L. and E.M.L. on the second and fourth weekends of each month and for one week during the summer. In addition, he asked the court to issue temporary orders, including: appointing him joint managing conservator of A.J.L. and E.M.L.; appointing an attorney ad litem for A.J.L. and E.M.L.; ordering "preparation of a social study into the circumstances and condition of the children and of the home of any person requesting managing conservatorship or possession of the children"; and ordering a pretrial conference. Following the consolidation and

transfer, Smale's attorney issued a notice of intention to take the oral depositions of both A.J.L. and E.M.L. Brown responded with a motion to quash and motion for protective order alleging that Smale lacked standing to seek access to A.J.L. and E.M.L. and was seeking to depose them for the sole purpose of harassing Brown and her family.

On March 12, 2001, the associate judge issued a report stating that the relief sought by Smale for "access, discovery and mediation are hereby denied. [The court] finds that movant Smale lacks standing to pursue said matters." Smale appealed the associate judge's decision, and the district court referred the case back to the associate judge for clarification. Specifically, the court requested a recommendation on the issue of Smale's standing to seek modification of the injunction against him.

The clarification hearing was held on May 1, 2001. At the hearing, Brown stipulated on the record that she consented to dissolution of the injunction against Smale. The associate judge found that Smale had "standing to modify or dissolve any pending injunction that affects him personally." Because Brown had agreed to the relief requested by Smale, the associate judge ordered the injunction dissolved. Consequently, the associate judge declared Smale's request for "depositions, testimony or further discovery" regarding the injunction to be moot and denied mediation on the issue. The May 1, 2001 associate judge's report also awarded Brown $2,500 in attorney's fees.

Smale appealed the associate judge's recommendation to the district court. On October 2, 2001, the district court heard the appeal and affirmed the associate judge's March 12 and May 1 reports. The district court ordered the permanent injunction entered in the Smale Divorce Decree dissolved, found further proceedings

regarding the injunction moot, and denied the relief sought by Smale in his petition to modify, "along with any requests for depositions, testimony, or further discovery." At Smale's request, the district court issued findings of fact and conclusions of law, including the following:

9. The Court finds that **KATHRYN ANN [BROWN]** consented in open court to the dissolution of the permanent injunction rendered in the **Decree of Divorce** at the dissolution of her marriage to **BRIAN ANGOVE SMALE** ....

10. The Court dissolved the permanent injunction ... pursuant to the consent of Respondent, **KATHRYN ANN [BROWN]**.

11. The Court finds that **KATHRYN ANN [BROWN]** challenged **BRIAN ANGOVE SMALE**'s standing to bring an action for joint conservatorship of her minor children, **[A.J.L.]** and **[E.M.L.]**, born during her prior marriage to **[Lunsford]**.

12. The Court finds that **BRIAN ANGOVE SMALE** sought the depositions of the minor children, **[A.J.L.]** and **[E.M.L.]**, and Court[-]ordered mediation to include the minor children.

13. The Court finds that prior to filing the Petition to Modify Parent–Child Relationship, and a Supplemental Petition to Modify Parent–Child Relationship in this case, **BRIAN ANGOVE SMALE** had previously sought conservatorship rights to the minor children, **[A.J.L.]** and **[E.M.L.]** in pleadings filed in Collin County, Texas, and that the Court dismissed the case, finding that **BRIAN ANGOVE SMALE** did not have standing.

14. The Court further finds that prior to filing this Petition to Modify Parent–Child Relationship, and a Supplemental Petition to Modify Parent–Child Relationship in this case, **BRIAN ANGOVE SMALE** had previously sought conservatorship rights to the minor children, **[A.J.L.]** and **[E.M.L.]**, in pleadings filed in another court in Tarrant County, Texas, and that the Court dismissed the case, finding that **BRIAN ANGOVE SMALE** did not have standing.

15. The Court finds that standing is a threshold issue that was properly raised by **KATHRYN ANN [BROWN]**, Respondent in this case.

   . . . .

17. The Court finds that **BRIAN ANGOVE SMALE** does not have standing under **Tex. Fam.Code Ann. § 102.003 (West Supp.2000)** to bring a cause of action for joint managing conservatorship of the minor children, **[A.J.L.]** and **[E.M.L.]**, who were born to Respondent, **KATHRYN ANN [BROWN]**, and her former husband, **[Lunsford]**, as set out in their **Decree of Divorce** granted in **Cause No. 322–148705–90,** (the Lunsford Divorce).

   . . . .

25. The Court finds that **BRIAN ANGOVE SMALE** does not have standing to bring a cause of action requesting appointment as joint managing conservator or possessory conservator of the minor children, **[A.J.L.]** and/or **[E.M.L.]**, because **BRIAN ANGOVE SMALE** is not a *"party affected"* pursuant to **Tex. Fam.Code § 156.002(a),** because [Smale] is not *"any person mentioned in a previous decree in the context of conservatorship."*

26. The Court finds that because the injunction is dissolved, and **BRIAN ANGOVE SMALE** does not have standing for conservatorship of the minor children, [A.J.L.] or [E.M.L.], that all other issues concerning discovery and mediation are moot, and all further relief requested by **BRIAN ANGOVE SMALE** is denied.

### III. LAW AND APPLICATION TO FACTS

#### A. Modification

In his third point, Smale complains that the trial court erred by concluding that he lacks standing to modify the Lunsford Custody Order. Smale argues that he has standing to seek modification of the order pursuant to section 156.002(a) of the Texas Family Code. Brown, on the other hand, maintains that Smale meets none of the requirements for standing under the family code.

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Standing is implicit in the concept of subject matter jurisdiction. *Id.* Whether a party has standing to maintain a suit is a question of law. *Brunson v. Woolsey*, 63 S.W.3d 583, 587 (Tex.App.-Fort Worth 2001, no pet.); *accord Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998) (holding that because ripeness is a component of subject matter jurisdiction, it is question of law subject to de novo review), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). Thus, an appellate court reviews the issue of a party's standing de novo. *See Mayhew*, 964 S.W.2d at 928.

Section 156.002 of the family code authorizes two classes of people to file a suit for modification of a custody or possession order: a "party affected" by such an order, and a person with general standing to file an original suit under chapter 102 of the family code. TEX. FAM.CODE ANN. § 156.002(a), (b) (Vernon 2002). Smale concedes on appeal that the standing he asserts does not arise from chapter 102 of the family code. Rather, he contends that he has standing under section 156.002(a) as a "party affected" by the Lunsford Custody Order.

A "party affected" by an order includes a person mentioned in a previous decree in the context of conservatorship. *Watts v. Watts*, 573 S.W.2d 864, 868 (Tex. Civ.App.-Fort Worth 1978, no writ). Smale takes the position that he "is a party 'affected by an order' in the context of conservatorship and visitation" because: (1) he is directly affected by the Smale Divorce Decree, (2) he sought managing conservatorship of A.J.L. and E.M.L. in the Smale divorce, and (3) an order was entered in the Smale Divorce Decree affecting his relationship with A.J.L. and E.M.L., that is, a permanent injunction was imposed prohibiting him from contacting the two children.

Clearly, Smale is directly affected by the permanent injunction entered against him in his own divorce. But that injunction was dissolved. The order at issue here is not the permanent injunction, but the custody order rendered in the Lunsford suit affecting Lunsford's and Brown's parent-child relationship with their children, A.J.L. and E.M.L.

Smale was not a party to the Lunsford divorce, nor is he named anywhere in the Lunsford Custody Order, although Brown sought modification of the order during her marriage to Smale. Smale has never been granted conservatorship rights to A.J.L. or E.M.L. by any court. In fact, the trial court specifically found that Sma-

le had not had contact with the children for at least two years prior to filing the underlying lawsuit. In short, the Lunsford Custody Order does not mention Smale nor adjudicate any of Smale's rights. The facts presented by Smale do not establish that he is a "party affected" by the Lunsford Custody Order he seeks to modify. Accordingly, we hold that Smale lacks standing to seek modification of the order under section 156.002(a) of the family code.[1]

■ Nonetheless, Smale alleges that his standing to seek modification of the permanent injunction and standing to modify the Lunsford Custody Order are one and the same. He claims that by consolidating the Lunsford custody modification suit into the Smale divorce case, in which his standing is undisputed, he became "an original party" vested with standing to pursue modification of the Lunsford Custody Order.[2] Essentially, Smale asks us to hold that a person who is permanently enjoined from contacting or coming near a minor child is, by virtue of that injunction, vested with standing to seek modification of a custody order pertaining to that child, even though the person is not a party to the custody order or the attendant suit affecting the parent-child relationship. Smale does not cite any authority to support this contention.

■ A party who lacks standing at the time he files suit cannot subsequently cure the jurisdictional defect by joining as an involuntary plaintiff a person with standing to bring the claim. *See Cleaver v. George Staton Co., Inc.*, 908 S.W.2d 468, 471 (Tex.App.-Tyler 1995, writ denied) (holding that trial court's jurisdiction is determined at time suit is filed, therefore husband's initial lack of standing was not cured by subsequent joinder of wife as involuntary plaintiff with standing). Likewise, Smale's lack of standing to modify the custody order is not cured by the subsequent consolidation of that claim with a separate action in which his standing is undisputed. We hold that Smale was not vested with standing to seek modification of the Lunsford Custody Order simply by virtue of the consolidation of cases in the trial court. We overrule this portion of Smale's third point.

## B. Fees "in the nature of child support"

■ In the balance of his third point, Smale complains that the trial court

---

1. Smale also urges that he has standing to modify the Lunsford Custody Order because he filed an amicus curiae brief in that modification proceeding. Smale cites no authority to support the proposition that amicus curiae status confers party standing, nor have we located any such authority. In fact, an amicus curiae, or "friend of the court," is defined as "[a] person who is not a party to a lawsuit but who petitions the court or is requested by the court to file a brief in the action because that person has a strong interest in the subject matter." BLACK'S LAW DICTIONARY 83 (7th ed.1999). Therefore, we decline to follow Smale's reasoning. *Accord Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843–44 (Tex.2000) (recognizing continuing, long-standing rule that "an appealing party may not complain of

errors that do not injuriously affect it or that merely affect the rights of others").

2. At the hearing on appeal to the district court, Smale's attorney made this contention clear, stating:

Your Honor, with all due respect, if this—if these two cases had never been consolidated, then there would be some question. Maybe, there would be—she would have a better argument that he was not a party affected by the order to be modified. But the fact is these two cases were consolidated. We've got one case. And this man was one of the original parties. He is, therefore, affected by any order entered in his suit and has standing under—under the Family Code for modification.

abused its discretion by ordering him to pay attorney's fees adjudged to be "in the nature of child support." Smale argues that he cannot be ordered to pay child support while simultaneously being found to lack standing in the suit affecting the parent-child relationship.

■ We review a trial court's order of child support under an abuse of discretion standard. *Zajac v. Penkava*, 924 S.W.2d 405, 408 (Tex.App.-San Antonio 1996, no writ) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990)).

The May 1, 2001 associate judge's report awarded Brown $2,500 in attorney's fees "to be paid as necessaries to defend this suit, same to be paid to [Brown's attorney]'s office no later than 8–1–01." The subsequent order of the trial court affirming the associate judge's two reports stated:

> **IT IS ORDERED** that **KATHRYN ANN [BROWN]** is awarded judgment for attorney's fees and costs against **BRIAN ANGOVE SMALE** for $2,500. All costs of court in this cause are adjudged against **BRIAN ANGOVE SMALE,** Petitioner, for which let execution issue.

> The Court finds and further **ORDERS** that the attorney's fees and costs incurred by **KATHRYN ANN [BROWN]** were incurred in relation to the issue of child custody and are therefore adjudged in the nature of child support for the benefit of the minor children, [A.J.L.] and [E.M.L.], and are further hereby taxed as costs and shall be a non-dischargeable support obligation of **BRIAN ANGOVE SMALE** within the meaning of Section 523(a)(5) of the U.S. Bankruptcy Code, 11 [U.S.C.A. § ] 101, et seq. **BRIAN ANGOVE SMALE** is therefore **ORDERED** to pay fees directly to **KATHRYN ANN [BROWN]**, by cash check, or money order on or before the 1st of August, 2001, who may enforce this order for fees in her own name, such judgment bearing interest at 10% per year from the date the judgment is signed until paid, for which let execution issue if not paid.

■ Section 154.001 provides that a court "may order either or both parents" to provide support for a child. Tex. Fam. Code Ann. § 154.001(a). As the statute indicates, a court may order an individual to pay child support only if it determines that a parent-child relationship exists. *Mata v. Moreno*, 601 S.W.2d 58, 59 (Tex. Civ.App.-Houston [1st Dist.] 1980, no writ). Therefore, Smale may only be ordered to pay true child support if he meets the definition of a "parent" under the family code.

The family code defines "parent" as:

> [T]he mother, a man presumed to be the father, a man legally determined to be the father, a man who has been adjudicated to be the father by a court of competent jurisdiction, a man who has acknowledged his paternity under applicable law, or an adoptive mother or father. The term does not include a parent as to whom the parent-child relationship has been terminated.

Tex. Fam.Code Ann. § 101.024. The record before us indicates that Smale is not a parent of either A.J.L. or E.M.L. under the definition provided by the family code. The Smale Divorce Decree expressly states that no minor children were born to or adopted of the marriage between Smale and Brown. In fact, the Lunsford divorce decree specifically states that Brown and Lunsford "are the parents" of A.J.L. and E.M.L. Because Smale does not meet the definition of a "parent" under the family code, we hold that he cannot be ordered to

pay child support for the benefit of A.J.L. and E.M.L.

■ The question remaining is whether the language used by the trial court, that is, that the costs and attorney's fees are "in the nature of child support," renders the present situation distinguishable so that the order may be enforced against Smale as child support in spite of his status as a nonparent. We conclude that the order is not enforceable against Smale as written.

■ The trial court's description of Smale's obligation to pay costs and attorney's fees as "in the nature of child support" is reasonably interpreted as an order to pay Brown's attorney's fees as necessaries for the benefit of A.J.L. and E.M.L.[3] It is settled that attorney's fees rendered in prosecution or defense of a suit affecting the parent-child relationship may be awarded as necessaries to the child, even when the fees are incurred by the unsuccessful party. *See, e.g., Daniels v. Allen,* 811 S.W.2d 278, 280 (Tex.App.-Tyler 1991, no writ); *Drexel v. McCutcheon,* 604 S.W.2d 430, 435 (Tex.Civ.App.-Waco 1980, no writ); *Perkins v. Freeman,* 501 S.W.2d 424, 429–30 (Tex.Civ.App.-Beaumont 1973), *rev'd on other grounds,* 518 S.W.2d 532 (Tex.1974). In each of these cases, the party against whom attorney's fees were assessed as necessaries was a "parent" of the minor child at issue. Thus, the attorney's fees fell within the scope of the parent's duty to pay the necessary expenses of a minor child.

In the present case, however, the party being ordered to pay costs and fees as necessaries is not a parent and is not so obligated. It is inconsistent to levy the nondischargeable burden of child support upon a person whom the law refuses to

recognize as a parent of the child at issue. We hold that the trial court abused its discretion by ordering the attorney's fees and costs assessed against Smale to be "in the nature of child support." Accordingly, we sustain the balance of Smale's third point and modify the trial court's judgment to delete the language indicating that the costs and attorney's fees are in the nature of child support and are nondischargeable. *See* TEX.R.APP. P. 43.2(b). Thus modified, we affirm the judgment's award to Brown of $2,500 in costs and attorney's fees.

## C. Right to Trial by Jury

■ In his first point, Smale complains that the associate judge wrongfully turned the May 1st clarification hearing into a final trial without forty-five days' notice to the parties, without a jury, and without the presiding judge's presence or approval. Brown replies that denial of a jury trial was proper because no fact issues remained at the conclusion of the hearing before the associate judge.

■ An associate judge has the authority to conduct hearings and formulate conclusions of law. TEX. FAM.CODE ANN. § 201.007(a)(1), (9). As a question of law, the issue of Smale's standing to pursue modification of the Lunsford Custody Order was therefore within the associate judge's power to hear and rule upon. *See id.; see also Brunson,* 63 S.W.3d at 587.

■ The associate judge is also empowered to make findings of fact on evidence and to recommend orders to be rendered in a case. TEX. FAM.CODE ANN. § 201.007(a)(8), (10). Thus, in light of Brown's consent on the record to the dissolution of the permanent injunction against Smale, the associate judge was authorized to order the permanent injunc-

---

**3.** The language used in the May 1, 2001 associate judge's report describing Smale's obli-gation as payment of Brown's "necessaries to defend this suit," supports this interpretation.

tion vacated and to rule any further discovery requests moot.

■ In his reply brief, Smale argues that the trial court's assessment of attorney's fees against him was improper because it involved fact issues for a jury's determination. However, it is well-settled that an award of attorney's fees in an action brought under the family code lies in the sound discretion of the trial court. TEX. FAM.CODE ANN. § 106.002; *see also Bruni v. Bruni,* 924 S.W.2d 366, 368 (Tex. 1996); *In re T.D.C.,* 91 S.W.3d 865, 876 (Tex.App.-Fort Worth 2002, pet. denied) (op. on reh'g).

Brown's attorney, BeAnn Sisemore, testified before the associate judge that her hourly fee for this case was $250 and that she had expended approximately twenty hours of her time on the case, for a total estimated fee of $5,000. In addition, Sisemore testified regarding her experience as an attorney, described the services she performed in connection with the lawsuit, and testified that her stated fee amount was necessary and reasonable by Tarrant County standards. Although Smale cross-examined Sisemore on this subject, he did not challenge her testimony that she incurred twenty hours of fees, nor did he raise the argument that the suggested $5,000 fee was unreasonable or unnecessary.[4] On appeal to the trial court, Sisemore again testified to her experience, fees, services performed and costs incurred, and stated that she was content to accept the associate judge's recommendation of a $2,500 fee award. Smale then cross-examined Sisemore, but did not question the reasonableness or necessity of her stated fee amount nor challenge the associate judge's recommendation.

In light of the uncontradicted evidence presented by Sisemore as to the reasonable and necessary attorney's fees incurred in defense of Smale's lawsuit, the associate judge was authorized to make an award attorney's fees to Brown as the prevailing party. *See* TEX. FAM.CODE ANN. § 201.007(a)(8), (10). We hold that the trial court did not abuse its discretion in awarding Brown $2,500 in attorney's fees based upon the associate judge's recommendation and the evidence presented at the hearing on appeal. *See MacCallum v. MacCallum,* 801 S.W.2d 579, 587 (Tex. App.-Corpus Christi 1990, writ denied) (holding testimony of wife's attorney stating his experience, his $175 hourly fee, and that the services he provided were necessary and related to the proceeding sufficient to support the trial court's finding and award of $1,680 in attorney's fees to wife in action brought by former husband seeking modification of child support and visitation).

Because no issues of fact remained for determination following the associate judge's rulings and recommendations, a jury trial was not warranted in this case. We hold that the associate judge properly denied Smale's request for trial by jury and overrule Smale's first point.

### D. Discovery

■ In his second point, Smale complains that the trial court abused its discretion by refusing to allow him to take the oral depositions of Brown, A.J.L., and E.M.L. We review a trial court's discovery rulings, including orders prohibiting discovery, under an abuse of discretion standard. *Avary v. Bank of Am., N.A.,* 72 S.W.3d 779, 787 (Tex.App.-Dallas 2002, pet. denied); *Helfand v. Coane,* 12 S.W.3d

---

4. Brown does not complain about the fact that the associate judge and trial court awarded only half of the $5,000 figure that Brown's attorney proposed as her reasonable and necessary fee.

152, 155 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). Unless there is a clear abuse of discretion, the trial court's ruling should not be disturbed on appeal. *Avary,* 72 S.W.3d at 787.

As the record indicates and the trial court plainly found, Brown agreed to Smale's request for dissolution of the permanent injunction. Brown's concession eliminated any need to pursue discovery on the issue of the injunction. Thus, it was not an abuse of discretion to deny Smale discovery on this matter. Likewise, it was not an abuse of discretion to deny Smale discovery in furtherance of his attempt to modify the Lunsford Custody Order because he lacked standing to initiate the suit for modification under the family code. We overrule Smale's second point.

### IV. CONCLUSION

We modify the trial court's judgment to delete the language indicating that the attorney's fees it awards are in the nature of child support and are to be paid as such. We affirm the judgment as modified.