Affirmed and Memorandum Opinion
filed July 6, 2010.  

In
The

Fourteenth
Court of Appeals



NO. 14-08-00689-CV



In the Interest
of J.A.D. 



On Appeal from
the 310th District Court

Harris County, Texas

Trial Court
Cause No. 1992-26359



 

MEMORANDUM OPINION


This case arises from an order in a suit to modify
the parent-child relationship.  In a single issue, appellant Harold V. Dutton,
Jr. (“Harold”) argues the trial court erroneously ordered him to pay attorney’s
fees incurred by Harold’s ex-wife, appellee Phyllis Faykus Dutton (“Phyllis”). 
We affirm the judgment of the trial court.  

Factual and Procedural
Background

Phyllis filed for divorce from Harold in 1992, and a
final decree of divorce was signed by the trial court in August 1995.  This
decree named Phyllis sole managing conservator of the parties’ four children
and contained a standard possession order granting Harold possession of the
children on the first, third, and fifth weekends of each month.  Harold was
also ordered to pay Phyllis $840 per month in child support.  In August 1999, the
trial court issued an order (the “August 1999 Order”) increasing Harold’s child
support payments to $1,500 per month.  In August 2007, Harold filed a petition
to modify the parent-child relationship in which he sought modified
conservatorship and a reduction in child support payments.  Harold subsequently
amended his petition to request (1) a modified possession order limiting
unsupervised access to J.A.D. by Phyllis’s “romantically linked friend,” (2) a
decrease in child support payments, made retroactive to the earlier of the time
of service of citation on Phyllis or Phyllis’s appearance in the action, and
(3) attorney’s fees, expenses, costs, and interest.  

Phyllis filed a counter-petition and requested (1) a
denial of Harold’s overnight visitation with the children and limitation of
Harold’s weekend possession of the children to one weekend per month, (2) continuation
of Harold’s $1,500 per month child support payments or, alternatively, an
increase in child support, made retroactive to the earlier of the time of
service of citation on Harold or Harold’s appearance in the action, (3) temporary
orders ordering Harold to pay child support, health insurance premiums, and fifty
percent of the children’s uninsured medical expenses during pendency of the
case, (4) interim attorney’s fees and expenses, (5) temporary orders and
injunction prohibiting Harold from interfering with the children’s relationship
with Phyllis, (6) clarification of certain portions of the August 1999 Order,
and (7) attorney’s fees, expenses, costs, and interest.  After filing her
counter-petition to modify, Phyllis also filed a motion for enforcement of
child support with contempt.  

The trial court considered the parties’ live
pleadings during a bench trial.  On April 22, 2008, the trial court signed an
order (the “April 2008 Order”) which (1) instituted a modified standard
possession order, limiting Harold’s weekend possession of J.A.D. to the first
weekend of each month, and (2) decreased Harold’s child support payments to $460
per month.  The order also includes the following provision regarding
attorney’s fees: 

Attorney’s Fees

            IT IS ORDERED that good cause exists to award
[Phyllis’s attorney,] Myrna Davila Gregory[,] judgment in the amount of
$16,000.00 for attorney’s fees, expenses, and costs incurred by Phyllis Faykus
Dutton.  The judgment, for which let execution issue, is awarded against Harold
V. Dutton Jr., Petitioner.  IT IS ORDERED that the attorney’s fees, expenses,
and costs, which were incurred in relation to the child and/or this suit, are
in the nature of child support, and Petitioner is ORDERED to pay the fees,
expenses, costs, and interest to Myrna Davila Gregory . . . . 
Myrna Davila Gregory may enforce this judgment for fees, expenses, and costs in
the attorney’s own name by any means available for the enforcement of a
judgment for debt.  

The order further stated “all
relief requested in this case and not expressly granted is denied.”  In his
sole issue, Harold contends the trial court abused its discretion by ordering
him to pay Phyllis’s attorney’s fees because Phyllis was an unsuccessful party
at trial.  

Standard of Review

We review an award of attorney’s fees in the nature of
child support under an abuse of discretion standard.  See Duruji v. Duruji,
No. 14-05-01185-CV, 2007 WL 582282, at *8 (Tex. App.—Houston [14th Dist.] Feb.
27, 2007, no pet.) (mem. op.); Hardin v. Hardin, 161 S.W.3d 14, 24–25
(Tex. App.—Houston [14th Dist.] 2004), judgm’t vacated, op. not
withdrawn, No. 14-03-00342-CV, 2005 WL 310076 (Tex. App.—Houston [14th
Dist.] Feb. 10, 2005, no pet.) (mem. op.).  The general test for abuse of
discretion is whether the trial court acted (1) without reference to any guiding
rules and principles or (2) arbitrarily and unreasonably.  See Swaab v.
Swaab, 282 S.W.3d 519, 524 (Tex. App.—Houston [14th Dist.] 2008, pet.
dism’d w.o.j.); Baltzer v. Medina, 240 S.W.3d 469, 475 (Tex. App.—Houston
[14th Dist.] 2007, no pet.).  

Analysis

In a single issue, Harold contends the trial court erred
by ordering him to pay Phyllis’s attorney’s fees because he was the prevailing
party at trial.  Harold does not challenge the amount of the award or the
sufficiency of the evidence supporting it.  

Trial courts have broad discretion to award
attorney’s fees and expenses in suits affecting the parent-child relationship. 
See Tex. Fam. Code Ann.
§ 106.002(a) (Vernon 2008); Lenz v. Lenz, 79 S.W.3d 10, 21 (Tex.
2002); London v. London, 192 S.W.3d 6, 19 (Tex. App.—Houston [14th
Dist.] 2005, pet. denied).  It is well-settled that attorney’s fees incurred in
establishing the best interests of the child while prosecuting or defending a
suit involving the parent-child relationship may be awarded as “necessaries” to
the child, even if the fees are incurred by the unsuccessful party.  See
London, 192 S.W.3d at 19; Hardin, 161 S.W.3d at 25; London v.
London, 94 S.W.3d 139, 146 (Tex. App.—Houston [14th Dist.] 2002, no pet.); Roosth
v. Roosth, 889 S.W.2d 445, 455 (Tex. App.—Houston [14th Dist.] 1994, writ
denied); see also In re A.J.L., 108 S.W.3d 414, 422 (Tex. App.—Fort
Worth 2003, pet. denied).  The rationale for this is that both parents are
responsible for providing for the child’s needs.  Hardin, 161 S.W.3d at
25; In re A.J.L., 108 S.W.3d at 422.  Attorney’s fees may be construed
as “necessaries” to the child if the attorney’s services are related to the
needs of the child.  See Hardin, 161 S.W.3d at 25; Roosth, 889
S.W.2d at 456.  

Harold cites several cases in which appellate courts analyzed
awards of attorney’s fees to unsuccessful parties,[1] but
contends these cases are factually distinguishable from the instant case
because they involved the resolution of multiple issues, while the instant case
involves only Harold’s request to decrease his child support payments. 
According to Harold, the fact that the April 2008 Order decreased his child
support payments makes him the prevailing party on the only issue contested at
trial.  

It is not always easy to determine which party is the
successful or prevailing party in family law cases.  See Di Sibio v. Parish,
No. 2-06-267-CV, 2008 WL 110512, at *8 (Tex. App.—Fort Worth Jan. 10, 2008, no
pet.) (mem. op.) (per curiam); In re M.A.N.M., 231 S.W.3d 562, 566 (Tex.
App.—Dallas 2007, no pet.).  With respect to attorney’s fees, the successful or
prevailing party is typically the party vindicated by the judgment, or the
party who either successfully prosecutes the action or defends against it, thus
prevailing on the main issue.  See Di Sibio, 2008 WL 110512, at *8; Indian
Beach Prop. Owners’ Ass’n v. Linden, 222 S.W.3d 682, 696–97 (Tex.
App.—Houston [1st Dist.] 2007, no pet.).  

A review of the parties’ requested relief and the terms
of the April 2008 Order shows that a number of issues were presented to the
trial court for resolution.  In addition to his request to decrease his child
support payments, Harold also sought to limit unsupervised access to J.A.D. by
Phyllis’s “romantically linked friend,” make any reduction in child support
retroactive, and recover attorney’s fees and costs.  The trial court denied
each of these requests.  Phyllis also presented several issues for the trial
court’s consideration.  She asked the court to deny Harold’s overnight
visitation rights, limit Harold’s weekend possession of J.A.D. to one weekend
per month, maintain the $1,500 per month child support payments or retroactively
increase this amount, order Harold to pay certain expenses during litigation,
prevent Harold from interfering with the children’s relationship with Phyllis,
clarify portions of the August 1999 Order, and award attorney’s fees.  The
trial court granted Phyllis’s request to limit Harold’s weekend visitation by
modifying his possession of J.A.D. from the first, third, and fifth weekends of
each month to only the first weekend of each month.  The trial court also
granted Phyllis’s request to order Harold to pay her attorney’s fees related to
the case.  Phyllis’s remaining requests, including her petition to hold Harold
in contempt contained in her motion to enforce, were each denied.  Although not
specifically requested by either party’s pleadings, the April 2008 Order also
instructed each party to refrain from making negative remarks against the other
party or the other party’s family and prohibited the parents from allowing any
non-parent to administer corporal punishment on J.A.D.  

Having compared the parties’ requested relief with
the actual relief granted in the April 2008 Order, we do not agree with Harold’s
argument that his request to modify his child support payment was the sole
issue before the trial court or that Phyllis failed to prevail on any issue
presented at trial.  See Di Sibio, 2008 WL 110512, at *8 (rejecting
mother’s contention she was the prevailing party at trial after comparing
relief requested by father and mother in suit affecting parent-child
relationship); In re M.A.N.M., 231 S.W.3d at 566–67 (determining father
was not the sole prevailing party at trial because trial court granted some,
but not all, of his requested relief and some of mother’s requested relief was
granted).  Therefore, the taxing of Phyllis’s attorney’s fees to Harold was
within the discretion of the trial court.  See Tex. Fam. Code Ann. § 106.002(a); Lenz, 79 S.W.3d
at 21.  

Harold further argues the trial court erred by
failing to state any good cause or rationale for its award of attorney’s fees
to Phyllis, the allegedly unsuccessful party.  Although trial courts have broad
discretion in awarding attorney’s fees under the Texas Family Code, this
discretion is not absolute, and there must be a finding of good cause before an
unsuccessful party may recover attorney’s fees.  See London, 192 S.W.3d
at 19; Marichal v. Marichal, 768 S.W.2d 383, 385 (Tex. App.—Houston
[14th Dist.] 1989, writ denied) (op. on reh’g).  A finding of good cause is not
necessary in this case, however, because Phyllis was not an unsuccessful party
at trial.  See In re Marriage of Samford, No. 06-08-00085-CV, 2009 WL
1974387, at *3 (Tex. App.—Texarkana July 10, 2009, no pet.) (mem. op.)
(recognizing a finding of good cause is relevant when a non-prevailing party is
awarded attorney’s fees).  Accordingly, the trial court was not required to
state any good cause or rationale for its award of attorney’s fees against
Harold.  See id.  

We cannot say the trial court acted arbitrarily or
unreasonably or disregarded guiding rules and principles in ordering Harold to
pay Phyllis’s attorney’s fees as child support.  See Swaab, 282 S.W.3d
at 524; Baltzer, 240 S.W.3d at 475.  Each of the issues raised by Harold
and Phyllis were directly related to J.A.D.’s welfare and best interests, thus
making Phyllis’s attorney’s fees “necessaries” for J.A.D.’s support.  See
Hardin, 161 S.W.3d at 25; Roosth, 889 S.W.2d at 456.  This allowed
the trial court to assess Phyllis’s attorney’s fees as “necessaries” against
Harold.  See, e.g., London, 192 S.W.3d at 19. 
Accordingly, the trial court did not abuse its discretion by ordering Harold to
pay Phyllis’s attorney’s fees in the amount of $16,000.  We therefore overrule
Harold’s sole issue.  

The judgment of the trial court is affirmed.  

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices Yates,
Seymore, and Brown.









[1]
Harold cites the following cases: Nordstrom v. Nordstrom, 965 S.W.2d
575, 583–84 (Tex. App.—Houston [1st Dist.] 1997, pet. denied); Roosth, 889
S.W.2d at 455–57; Daniels v. Allen, 811 S.W.2d 278, 280 (Tex. App.—Tyler
1991, no writ); Billeaud v. Billeaud, 697 S.W.2d 652, 655 (Tex.
App.—Houston [1st Dist.] 1985, no writ); Drexel v. McCutcheon, 604
S.W.2d 430, 435–36 (Tex. Civ. App.—Waco 1980, no writ); Perkins v. Freeman,
501 S.W.2d 424, 429–30 (Tex. Civ. App.—Beaumont 1973), rev’d on other
grounds, 518 S.W.2d 532 (Tex. 1974); Schwartz v. Jacob, 394 S.W.2d
15, 19–21 (Tex. Civ. App.—Houston 1965, writ ref’d n.r.e.).