# IN THE SUPREME COURT OF TEXAS

══════════

No. 12-0183

══════════

ROSSCER CRAIG TUCKER, II, PETITIONER,

v.

LIZABETH THOMAS, RESPONDENT

══════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
══════════════════════════════════════

JUSTICE GUZMAN, joined by JUSTICE LEHRMANN, concurring.

Trial courts have long struggled to protect children from the threat of ill-willed child custody battles that may lead parties to financial ruin. Because of the potential harm to children that accompanies these disputes,[1] there are a number of legislatively enacted approaches to deter parties from pursuing frivolous or harassing custody modification suits.[2] Recent enactments clarify a legislative policy choice to allow trial courts the discretion to award attorney's fees as necessaries or child support in support enforcement proceedings. But the Texas Legislature has remained silent

---

[1] *See In re Stephanie Lee*, 411 S.W.3d 445, 449 (Tex. 2013) (discussing the emotional and psychological toll that "custody battles" have on children involved in such disputes).

[2] *See, e.g.*, TEX. FAM. CODE § 156.005 ("If the court finds that a suit for modification is filed frivolously or is designed to harass a party, the court shall tax attorney's fees as costs against the offending party.").

as to whether this discretion is also available in modification proceedings, such as the one at issue here.

Although providing trial courts with this authority would further the courts' ability to protect the financial stability of children caught in the middle of acrimonious custody battles, I agree with the Court's holding that the Texas Family Code does not afford a trial court such discretion. But the treatment of attorney's fees in modification and enforcement proceedings has been more complicated than the Court might indicate. I write separately to briefly explain this history and to illuminate why this subject has resulted in a lack of uniformity among the courts of appeals.

## I. The Common-Law Doctrine of Necessaries

As the Court notes, the underpinnings of the doctrine of necessaries may be traced back over three centuries to English courts. __ S.W.3d __, __ (citing Note, *The Unnecessary Doctrine of Necessaries*, 82 MICH. L. REV. 1767, 1767 (1984)). The doctrine implied a contract between a husband and a third party who supplied necessaries to the husband's wife and children, providing the third party with a means of holding the husband liable for the support of his family. *Id.*

As early as 1867, this Court expressly recognized a father's liability for necessaries furnished to his child. *Fowlkes v. Baker*, 29 Tex. 135, 137 (1867); *see also Cunningham v. Cunningham*, 40 S.W.2d 46, 48 (Tex. 1931) (noting that a father's liability for necessaries furnished to his minor child "is generally enforced in England, . . . the United States, and always in Texas"). Not long after, this Court recognized attorney's fees incurred as a result of services rendered for the benefit of a minor may be treated as necessaries. *See, e.g.*, *Searcy v. Hunter*, 17 S.W. 372, 373 (Tex. 1891) (holding that attorney's fees are necessaries in a civil suit to recover money or property for the minor); *Askey*

2

*v. Williams*, 11 S.W. 1101, 1101–02 (Tex. 1889) (holding that attorney's fees are necessaries for the criminal defense of a child); *see also In re H.V.*, 252 S.W.3d 319, 327 n.55 (Tex. 2008) (noting that a parent has a duty to pay attorney's fees incurred by the children for their defense of a criminal prosecution under section 151.001(c) of the Family Code); __ S.W.3d. at __.

But it was not until 1965 that a Texas court expressly applied the doctrine of necessaries to hold a father liable for attorney's fees specifically incurred in custody modification proceedings. *See Schwartz v. Jacob*, 394 S.W.2d 15, 20 (Tex. Civ. App.—Houston 1965, writ ref'd n.r.e.). In *Schwartz*, the court was faced with a dispute involving both the enforcement of a child-support judgment and modification of a custody order. *Id.* at 19. The court recognized that under Texas Rule of Civil Procedure 308a it had authority to allow attorney's fees against a person in default on his child-support obligation.[3] *Id.* at 20. But because the case also involved issues of custody modification, the court turned to common law and applied the doctrine of necessaries.[4] *Id.* at 20–21. The *Schwartz* court reasoned:

---

[3] Rule 308a gave a court authority to "enforce its judgment by orders as in other cases of civil contempt" against a person in default in paying child support. TEX. R. CIV. P. 308a (West 1989, amended 1990). In *Ex parte Helms*, this Court found Rule 308a provided courts with the authority to hold a parent in contempt for failing to pay attorney's fees incurred in a suit to enforce support orders. 259 S.W.2d 184, 188–89 (Tex. 1953).

[4] Beginning in 1935, the Legislature empowered courts to order either parent to make periodic support payments for the benefit of his or her child in the event of a divorce. Act of Mar. 19, 1935, 44th Leg., R.S., ch. 39, § 1, 1935 Tex. Gen. Laws 111, 112, repealed by Act of May 25, 1973, 63d Leg., R.S., ch. 543, § 3, 1973 Tex. Gen. Laws 1411, 1458. But at the time *Schwartz* was decided, the Legislature had yet to expressly codify the common-law doctrine of necessaries. The Court provides an overview of the codification of this doctrine. __S.W.3d at __. The Legislature codified the common-law doctrine of necessaries by amending former Article 4614 of our Civil Statutes in 1967, providing that each spouse had the duty to support his or her children and may be liable to third parties who provide necessaries to the child should the parent fail to do so. *See* Act of May 27, 1967, 60th Leg., R.S., ch. 309, § 1, art. 4614, 1967 Tex. Gen. Laws 735, 736. Since 1995, this statutory support duty has been part of Title 5 of the Family Code, first under section 151.003(c), and subsequently under section 151.001(c) in 2001. __S.W.3d at __ n.6.

> [T]he kind of home in which the children are reared and the persons with whom they daily associate are most important. Therefore, the matter of their custody is of utmost concern. For there to be full development of matters bearing on these issues it is necessary to employ counsel to look after the children's interest.

*Id.* at 21. Thus, because the "real parties . . . [are] the children . . . the furnishing of counsel was the furnishing of necessaries to the minor children." *Id.* at 20.

Following this logic, courts ordered attorney's fees, as necessaries furnished to the child, to be paid as child support. *E.g.*, *Daniels v. Allen*, 811 S.W.2d 278, 279–80 (Tex. App.—Tyler 1991, no writ.); *see also In re A.J.L.*, 108 S.W.3d 414, 422 (Tex. App.—Fort Worth 2003, pet. denied) (stating that an order to pay attorney's fees as child support has been interpreted as an order to pay the fees as necessaries for the benefit of the child); *Ex parte Kimsey*, 915 S.W.2d 523, 526 n.1 (Tex. App.—El Paso 1995, no writ) (noting "[i]f a parent has an obligation to support a child . . . , and if the court possesses statutory authority to order the payment of attorney's fees for the safety and welfare of the child, we see no rationale for the conclusion that attorney's fees may not be ordered paid as child support, particularly where the welfare of the child is in issue as it is in a suit affecting the parent-child relationship"). Thus, well before the Legislature amended the Family Code in 1999 to include the provision at issue today, courts had implied a right to recover attorney's fees as necessaries in suits affecting the parent-child relationship (SAPCRs).

## II. Evolution of Attorney's Fees in the Family Code

Based upon a parent's common-law (and subsequently statutory) duty to support his or her child, trial courts concluded that attorney's fees may be allowed in custody and support proceedings. Though this Court recognized that a parent may be held in contempt for failure to pay attorney's fees

incurred in a suit for child-support enforcement based upon Rule of Civil Procedure 308a, *see Ex parte Helms*, 259 S.W.2d 184, 188–89 (Tex. 1953), the Family Code did not actually speak to the matter of attorney's fees until 1973 when the Legislature adopted Title 2 of the Family Code governing "The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship." Act of May 25, 1973, 63d Leg., R.S., ch. 543, § 1, 1973 Tex. Gen. Laws 1411, 1411. Specifically, the Legislature included section 11.18(a), indicating "[i]n any proceeding under this subtitle, the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name." Act of May 25, 1973, 63d Leg., R.S., ch. 543, § 1, sec. 11.18(a), 1973 Tex. Gen. Laws 1411, 1419. The Legislature amended this section in 1981 to clarify that attorney's fees could be awarded as costs in cases "including, but not limited to, habeas corpus, enforcement, and contempt proceedings." Act of May 31, 1981, 67th Leg., R.S., ch. 355, § 3, sec. 11.18(a), 1981 Tex. Gen. Laws 942, 944. Thus, after the enactment of Title 2 in 1973, courts found support in the Family Code for awarding attorney's fees in SAPCRs.

In 1995, the Legislature adopted substantial changes to the Family Code provisions governing SAPCRs. It recodified the Family Code by reenacting Title 2 as simply "Title 2. Child in Relation to the Family" and adding "Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship." Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 122. Prior to the 1995 amendments, the provisions governing modification suits and the provisions governing suits for enforcement of support orders were both included in Chapter 14 of Title 2. Notably, the only guidance in the Family Code regarding attorney's fees in all SAPCRs

5

(modification and enforcement alike) until 1995 was section 11.18, providing generally that "attorney fees may be taxed as costs." Courts interpreted section 11.18 as complementary—rather than contradictory—to the practice of allowing attorney's fees as necessaries. *E.g.*, *Drexel v. McCutcheon*, 604 S.W.2d 430, 434 (Tex. Civ. App.—Waco 1980, no writ) ("[Section] 11.18(a), allowing attorney's fees in suits affecting parent-child relationships, does not purport to abolish the common law rule allowing attorney's fees as necessaries for the child. We hold it did not."). Thus, courts continued the practice of awarding attorney's fees as necessaries for the child. *See, e.g.*, *Roosth v. Roosth*, 889 S.W.2d 445, 456 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("Attorney fees rendered in a suit affecting the parent-child relationship may be awarded as necessaries to the children."); *Uhl v. Uhl*, 524 S.W.2d 534, 538 (Tex. Civ. App.—Fort Worth 1975, no writ) (noting that "attorney's fees for the plaintiff should be held to be 'necessaries' to defendant's minor child").

By enacting Title 5 of the Family Code in 1995, the Legislature decidedly separated the statutory provisions governing suits for modification and suits for enforcement of support orders into Chapters 156 and 157, respectively. Each of these chapters also included more specific guidelines for awarding attorney's fees. With respect to modification suits under Chapter 156, the Legislature specified that the court "shall tax attorney's fees as costs" in those suits frivolously filed or designed to harass a party. Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 156.005, 1995 Tex. Gen. Laws 113, 172.[5] With respect to enforcement suits under Chapter 157, the Legislature provided that

---

[5] Section 156.005 has not been amended since its original enactment in 1995.

6

the court may order a respondent to pay "reasonable attorney's fees and all court costs in addition to the arrearages." Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 157.167, 1995 Tex. Gen. Laws 113, 182. The 1995 amendments also elaborated on the statute's general attorney's fees provision, adding that a judgment for attorney's fees may be enforced "by any means available for the enforcement of a judgment for debt." Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 106.002(b), 1995 Tex. Gen. Laws 113, 133. Despite these statutory changes, courts continued the practice of applying the common-law doctrine of necessaries to award attorney's fees in SAPCRs. *See, e.g.*, *Farish v. Farish*, 982 S.W.2d 623, 628 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (citing section 106.002 for the proposition that "[a]ttorney's fees rendered in . . . a suit affecting the parent-child relationship may be awarded as necessaries to the child").

In 1999, the Legislature amended section 157.167, providing that "[f]ees and costs ordered under this section may be enforced by any means available for the enforcement of child support, including contempt." Act of May 27, 1999, 76th Leg., R.S., ch. 556, § 18, sec. 157.167(c), 1999 Tex. Gen. Laws 3058, 3062.[6] By allowing attorney's fees in enforcement proceedings to be "enforced by any means available . . . including contempt," the amendment expressly provided courts latitude to award attorney's fees as additional child support, not merely as a debt.[7] TEX. FAM. CODE

_____

[6] This section has been amended several times since the addition of this key sentence—twice in 2003 and once in 2005—but each amendment kept the substance of this sentence intact while changing its location within the provision. *See* Act of May 20, 2003, 78th Leg., R.S., ch. 477, § 1, sec. 157.167(d), 2003 Tex. Gen. Laws 1743, 1743; Act of May 31, 2003, 78th Leg., R.S., ch. 1262, § 1, sec. 157.167, 2003 Tex. Gen. Laws 3572, 3572; Act of May 17, 2005, 79th Leg., R.S., ch. 253, § 1, sec. 157.167(a), 2005 Tex. Gen. Laws 452, 452.

[7] Such authority with respect to attorney's fees had previously only been impliedly allowed under the authority conferred to courts in Rule 308a. *See Helms*, 259 S.W.2d at 188–89. As the Court states, the contempt power set forth in Chapter 157 includes the possibility of confinement, garnishment of the obligor's wages, and suspension of an obligor's license. __ S.W.3d at __. The Texas Constitution prohibits a court from using its contempt power to enforce

§ 157.167(a); *see also* TEX. FAM. CODE § 158.0051(a) ("[T]he court may render an order that income be withheld from the disposable earnings of the obligor to be applied towards the satisfaction of any ordered attorney's fees and costs resulting from an action to enforce child support under this title."). Importantly, this statutory addition, though consistent with the common-law practice of awarding attorney's fees as necessaries, appeared only in Chapter 157, which governs suits for enforcement of support orders. No similar provision was made in Chapter 156, governing non-enforcement modification suits. Thus, following the 1999 amendments, attorney's fees in non-enforcement modification proceedings were still governed by the general provision in section 106.002 allowing for fees to be enforced by "any means available for the enforcement of a judgment for debt." TEX. FAM. CODE § 106.002(b).

After the 1999 amendment to section 157.167, a split developed among the courts of appeals. On one hand, some courts had continued to cite the common-law doctrine of necessaries as the basis for awarding attorney's fees even after the Legislature amended section 106.002 in 1995 to specify that attorney's fees may be enforced "by any means available for the enforcement of a judgment for debt." *E.g.*, *Farish*, 982 S.W.2d at 628. Because the 1999 amendments did not expressly alter the relationship between Chapter 156 and Chapter 106, some courts of appeals, bound by precedent, found the doctrine of necessaries still applicable in awarding attorney's fees as child support in SAPCR proceedings. *See, e.g.*, *A.J.L.*, 108 S.W.3d at 422 ("It is settled that attorney's fees rendered in . . . a [SAPCR] may be awarded as necessaries to the child . . . ."). On the other hand, some courts

---

a judgment for debt. *Id*. at __ n.4; TEX. CONST. art. I, § 18.

8

found that by adding section 157.167(c), the Legislature clarified that attorney's fees may only be taxed as child support when incurred during enforcement proceedings. *E.g.*, *In re Moers*, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

### III. Separate Statutory Treatment of SAPCRs

By amending section 157.167 to expressly allow courts to enforce attorney's fee awards "by any means available for the enforcement of child support," the Legislature codified the past practice of awarding attorney's fees in SAPCR proceedings under the common-law doctrine of necessaries, but only with respect to enforcement proceedings. TEX. FAM. CODE § 157.167(a). The development of separate and distinct provisions for modification and enforcement suits evinces Legislative intent that such proceedings merit different treatment.

But the development of divergent statutory frameworks for different SAPCR proceedings against a common-law backdrop has understandably led to a lack of uniformity in the courts of appeals. Though the Family Code now provides wholly separate chapters for suits for modification and enforcement, trial courts are often presented with cases in which parties seek both modification and enforcement of support orders. Considering the inextricability of modification and enforcement issues in many SAPCR proceedings, it follows that trial courts placed in such circumstances would maintain similar discretion to award attorney's fees as child support. On the facts of this case the Court need not decide whether attorney's fees can be taxed as child support in these blended proceedings. But such proceedings are likely the source of conflicting case law among the courts of appeals. Now, having explained whether attorney's fees can be awarded as additional child

9

support in non-enforcement modification proceedings, at least a substantial amount of that confusion should be resolved.

## IV. Conclusion

The lack of uniformity in the courts of appeals after the recent statutory changes is attributable to the long history in Texas courts of applying the doctrine of necessaries to award attorney's fees as child support. Permitting trial courts to award such fees as child support, and thus exposing parties to the prospect of contempt if they should fail to pay, would certainly dissuade parties from filing frivolous or harassing lawsuits that serve only to further injure the children involved. Nevertheless, given the current statutory framework, I agree with the Court's conclusion that in absence of express statutory authority, a trial court lacks the discretion to characterize the attorney's fees incurred in a suit for custody modification as necessaries or as additional child support. For these reasons, I join the Court's opinion and concur in its judgment.

_____
Eva M. Guzman
Justice

**OPINION DELIVERED:** December 13, 2013

10