**DISMISS and Opinion Filed August 25, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00643-CV

### IN RE RICHARD D. GAINES, Relator

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-01295**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Relator's June 29, 2022 petition for writ of mandamus challenges the trial court's second turnover order. Because we questioned whether relator's status as a creditor of the parties sufficiently establishes his standing to bring this mandamus proceeding, we directed the parties to file letter briefs addressing our concern.

After reviewing the letter briefs, the petition, and the record, we conclude that relator lacks standing to file this original proceeding. Although Marvin Keith, a judgment debtor in the underlying proceeding, has now filed a joinder to the petition, this does not cure the standing defect because standing must exist at all times throughout the case. *See In re A.J.L.*, 108 S.W.3d 414, 420 (Tex. App.—Fort Worth 2003, orig. proceeding) (party who lacks standing at the time he files suit cannot

subsequently cure jurisdictional defect by joining as an involuntary plaintiff a person with standing to bring the claim); *see also Martin v. Clinical Pathology Labs., Inc.*, 343 S.W.3d 885, 888 (Tex. App.—Dallas 2011, pet. denied) (standing must exist at the time a plaintiff files suit and must continue to exist between the parties at every stage of the legal proceedings, including the appeal).

Accordingly, we dismiss this original proceeding for lack of jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) ("Subject matter jurisdiction is essential to the authority of a court to decide a case. Standing is implicit in the concept of subject matter jurisdiction.").

220643f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE