**In re the OFFICE OF the ATTORNEY GENERAL OF TEXAS, Relator.**

No. 05–08–01455–CV.

Court of Appeals of Texas,
Dallas.

Dec. 3, 2008.

Michael D. Becker, Asst. Atty. Gen., Rande Herrell, John B. Worley, Child Support Div., Austin, for relator.

Robertson Ishe, Lancaster, for real party in interest.

Before Justices WHITTINGTON, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is an original mandamus proceeding. Relator contends the trial judge abused her discretion by affirming the associate judge's order for genetic testing to determine paternity of a child with an acknowledged father when the acknowledgment of paternity has been on file with the Bureau of Vital Statistics for more than four years. We conclude the trial judge abused her discretion and conditionally grant mandamus relief.

### BACKGROUND

D.L.B., the child, was born May 18, 2002. Two days later, real party Delton Latron Bailey and Ishe Rhea Robertson, the child's mother, executed an acknowledgment that Bailey was the child's father. Bailey was twenty-four years old at that time. The acknowledgment was filed with the Bureau of Vital Statistics on June 24, 2002. In May 2008, relator filed a petition

seeking to establish orders obligating Bailey to support D.L.B. A hearing was held before an associate judge, who ordered genetic testing of D.L.B. to determine paternity. Relator appealed the associate judge's order to the district judge, who denied the appeal.

Relator filed a petition for writ of mandamus and motion for an emergency stay. We granted the stay and requested that real party file a response. Real party did not respond to the petition.

## STANDARD OF REVIEW

■ Mandamus relief is available when the trial judge abuses his or her authority or violates a legal duty and there is no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding). In determining whether a party has an adequate remedy by appeal, we consider whether the benefits outweigh the detriments of mandamus review. *See id.* at 136.

■ A trial judge abuses her discretion if she reaches a decision that is arbitrary and unreasonable so as to amount to a clear and prejudicial error of law or if the judge fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). A trial judge has no discretion in determining what the law is or in applying the law to the facts, and a clear failure by the court to correctly analyze or apply the law will constitute an abuse of discretion. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding).

■ In determining whether a party has an adequate remedy at law, the appellate court must carefully balance jurisprudential considerations that implicate both public and private concerns. *See In re*

*Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). An appeal is inadequate when the parties are in danger of losing substantial rights. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex.2004) (orig. proceeding) (per curiam). Such a danger may arise when the appellate court could not cure the error, the error would vitiate a party's ability to present a viable claim or defense, or the error could not be made part of the appellate record. *See id.*

## TEXAS FAMILY CODE

In relevant part, section 160.304 of the family code provides that an acknowledgment of paternity becomes effective on the date of the birth of the child or the filing of the document with the bureau of vital statistics, whichever is later. TEX. FAM.CODE ANN. § 160.304(c) (Vernon 2002). "Except as provided by Sections 160.307 and 160.308, a valid acknowledgment of paternity filed with the bureau of vital statistics is the equivalent of an adjudication of the paternity of a child and confers on the acknowledged father all rights and duties of a parent." TEX. FAM.CODE ANN. § 160.305(a).

The relevant provisions of section 160.307 provide that a signatory may rescind an acknowledgment of paternity by commencing a proceeding to rescind before the earlier of: (1) the 60th day after the effective date of the acknowledgment, as provided by section 160.304; or (2) the date of the first hearing in a proceeding to which the signatory is a party before a court to adjudicate an issue relating to the child, including child support. *See* TEX. FAM.CODE ANN. § 160.307. A challenge by a signatory to the acknowledgment of paternity made after the sixty-day recission period may only be made by commencing a proceeding to challenge the acknowledgment on the basis of fraud, duress, or

material mistake of fact. *See* TEX. FAM. CODE ANN. § 160.308(a) (Vernon Supp. 2008). An adult signatory must commence such a proceeding *"before the fourth anniversary of the date the acknowledgment ... is filed with the bureau of vital statistics...."* TEX. FAM.CODE ANN. § 160.308(a) (emphasis added). Moreover, "[n]otwithstanding any other provision of this chapter, a collateral attack on an acknowledgment of paternity signed under this chapter may not be maintained after the fourth anniversary of the date the acknowledgment of paternity is filed with the bureau of vital statistics unless the signatory was a minor on the date the signatory executed the acknowledgment." TEX. FAM.CODE ANN. § 160.308(c).

## ABUSE OF DISCRETION

■■■ The establishment of paternity is a matter of legislative policy. *See Michael H. v. Gerald D.,* 491 U.S. 110, 129–30, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989); *In re Rodriguez,* 248 S.W.3d 444, 452 (Tex. App.-Dallas 2008, orig. proceeding). The Texas Legislature, in passing section 160.308, determined that the policy of this State is to generally limit challenges to legally established paternity to within four years after an acknowledgment of paternity made by an adult signatory is filed with the Bureau of Vital Statistics. *See* TEX. FAM.CODE ANN. § 160.308(a), (c). The Legislature expressly identified, in plain language, under what circumstances and in what time period, an adult signatory to an acknowledgment of paternity may challenge that acknowledgment. *See id. Cf. In re Rodriguez,* 248 S.W.3d at 452 (addressing challenge to paternity of child born during marriage). A trial court judge abuses her discretion by ordering genetic testing of a child whose paternity has been legally established before such a determination of the parentage has been set aside. *See In re Attorney Gen. of Tex.,*

195 S.W.3d 264, 269 (Tex.App.-San Antonio 2006, orig. proceeding).

The record before us reflects that Bailey, who was an adult at the time, signed the acknowledgment of paternity in 2002 and the acknowledgment was filed with the Bureau of Vital Statistics on June 24, 2002. Thus, Bailey's status as the father of D.L.B. was established on June 24, 2002, with all the attendant rights and obligations. *See* TEX. FAM.CODE ANN. § 160.305(a).

The plain language of section 160.308(a) required Bailey, as an adult signatory to the acknowledgment of paternity, to challenge the acknowledgment not later than June 24, 2006, the fourth anniversary of the date the acknowledgment was filed with the Bureau of Vital Statistics. *See* TEX. FAM.CODE ANN. § 160.308(a). Bailey did not commence any proceeding within that four-year period. Therefore, the plain language of section 160.308(c) prohibits Bailey from maintaining a collateral attack to the acknowledgment. *See* TEX. FAM.CODE ANN. § 160.308(c). For Bailey to now challenge the acknowledgment of paternity, he would, as a threshold matter, have to either show that the acknowledgment of paternity was not valid under section 160.302 or prove that the acknowledgment of paternity statute itself is unconstitutional. *See In re Attorney Gen. of Tex.,* 195 S.W.3d at 270; *see also* TEX. FAM.CODE ANN. § 160.302 (setting forth the requirements of an acknowledgment of paternity). Bailey did not present evidence of either in this case.

Because Bailey has been legally established as D.L.B.'s father and that determination has not been set aside, we conclude the trial judge abused her discretion by ordering genetic testing of D.L.B.

## ADEQUATE REMEDY AT LAW

■■ We now turn to whether relator has an adequate remedy by appeal to chal-

lenge the trial court's order. We conclude relator does not.

 The order for genetic testing is an interlocutory order and not appealable under either the Texas Family Code or the Texas Civil Practices and Remedies Code. *See generally* TEX. FAM.CODE ANN. §§ 160.102–.633 (Vernon 2002 & Supp. 2008); TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon 2008). Once genetic testing is conducted and the results released for use in a proceeding to determine parentage, any resulting harm cannot be undone. *See In re Rodriguez*, 248 S.W.3d at 454; *See In re Attorney Gen. of Tex.*, 195 S.W.3d at 269; *Amanda v. Montgomery*, 877 S.W.2d 482, 487 (Tex.App.-Houston [1st Dist.] 1994, orig. proceeding). Thus, there is no adequate remedy at law for the harm respecting erroneously ordered genetic testing, and mandamus relief is appropriate. *See In re Rodriguez*, 248 S.W.3d at 454; *In re Attorney Gen. of Tex.*, 195 S.W.3d at 270; *Amanda*, 877 S.W.2d at 487.

CONCLUSION

We conclude the trial judge abused her discretion by ordering genetic testing in this case and that relator has no adequate remedy at law. Accordingly, we **CONDITIONALLY GRANT** relator's petition for writ of mandamus.

The Court **ORDERS** the Honorable Tena Callahan, Presiding Judge of the 302nd Judicial District Court, to: (1) vacate her October 8, 2008 order denying relator's appeal from the associate judge's order for paternity testing; (2) sustain relator's appeal from the associate judge's order for paternity testing; and (2) vacate the order for genetic paternity testing. We further **ORDER** the Honorable Tena Callahan to file with this Court, within **TWENTY DAYS** of the date of this order, a certified copy of her order showing compliance with this Court's order. The writ of mandamus will issue only if the Honorable Tena Callahan, Presiding Judge of the 302nd Judicial District Court, fails to comply with this Court's opinion and order.

This Court's October 30, 2008 order staying the genetic testing and the trial court proceedings will remain in effect pending further order of the Court.