

## NUMBER 13-20-00347-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF K.N.H., A CHILD

On appeal from the 309th District Court
of Harris County, Texas.

## MEMORANDUM OPINION

**Before Justices Hinojosa, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva**

Appellants Jenrri Hernandez Delgado[1] and his wife, Dora Alicia Orellana Castro appeal the trial court's final order from a petition to adjudicate parentage and suit affecting the parent-child relationship (SAPCR). By four issues, which we reorganize, appellants argue (1) the trial court abused its discretion by ordering genetic testing for parentage before setting aside Jenrri's acknowledgment of paternity; (2) the trial court lacked

---

[1] Jenrri's name is spelled "Jerri," "Jenrri," and "Jenri" throughout the record. We utilize the spelling he provided during trial.

authority and jurisdiction to order them, as non-parents, to pay child support; (3) the attorney's fees awarded to appellee Mayra Lisset Delgado were not reasonable and necessary; and (4) the trial court erred by proceeding to trial without notice to appellee Christian Alberto Osorto Gutierrez and allowing him to waive his appearance at trial telephonically. We affirm in part and reverse and remand in part.[2]

## I.    BACKGROUND

The factual and procedural background of this case spans approximately five years. According to appellants' brief, K.N.H.[3] was born to Mayra on July 13, 2015. At that time, Mayra asked her brother, Jenrri, to serve as K.N.H.'s father because the child "did not have a father." Jenrri agreed and signed an acknowledgment of paternity, K.N.H.'s birth certificate, and a verification of birth facts, all listing him as the father. K.N.H.'s birth certificate, which was admitted as an exhibit at trial, listed Castro as K.N.H.'s mother. After about six months, appellants and Mayra had a falling out, causing Mayra to move out of their shared residence without K.N.H.

The record reflects that on August 21, 2016, Mayra filed a petition to adjudicate parentage, seeking to establish Gutierrez as K.N.H.'s father and herself as K.N.H.'s mother. Although listed as parties to petition, appellants filed a petition in intervention, seeking to terminate the parent-child relationship between Mayra any alleged father, and K.N.H., and to be appointed managing conservators of K.N.H.

---

[2] This case is before this Court on transfer from the Fourteenth Court of Appeals in Houston pursuant to a docket equalization order issued by the Supreme Court of Texas. See TEX. GOV'T CODE ANN. § 73.001.

[3] We refer to the child by her initials in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

A hearing for temporary orders occurred on March 16, 2017. Following the hearing, the trial court appointed appellants as K.N.H.'s temporary managing conservators and appellees as temporary possessory conservators. Appellees were provided with supervised visitation of K.N.H., ordered to pay child support to appellants, and ordered to "provide evidence of satisfactory drug and alcohol tests prior to [the] final trial." The trial court found that "genetic testing results show [Gutierrez] to be the father and [Mayra] to be the mother of [K.N.H.]" Finally, the trial court adjudicated Gutierrez as K.N.H.'s father and Mayra as K.N.H.'s mother and ordered "that the parent-child relationship between the father, [m]other and the child [be] established for all purposes.[4]" The temporary orders stated the orders "shall continue in force until the signing of the final order or until further order of this Court."

A two-day bench trial began on January 30, 2020. At the outset of trial, the parties noted that Gutierrez was not present, and they were unsure where he was. However, a woman purporting to be his mother provided the trial court with his phone number. The trial court called the number on the record, and the person who answered identified himself as Gutierrez. The trial court asked Gutierrez if he was okay with the trial proceeding without him, to which he answered affirmatively. Neither party objected to the trial court calling Gutierrez or asking if he was waiving his appearance.

During trial, Mayra's trial counsel testified regarding the attorney's fees sought. She testified that (1) she had been licensed in Texas for more than five years; (2) Mayra

---

[4] Although an order for genetic testing for Mayra and Gutierrez does not appear in the record, nor do the results, appellants do not assert that such order and results do not exist. Accordingly, for the purposes of this appeal, we presume the genetic testing results establish Mayra and Gutierrez as K.N.H.'s biological parents.

was charged $5,000 in attorney's fees, which she believed to be fair and reasonable; and (3) her firm "devoted numerous hundreds of hours to this case over the last four years; including attending mediation, attending trial . . ., responding and submitting discovery, responding to discovery [sic], [and] numerous pleadings." Additionally, she admitted the contract between Mayra and her firm as an exhibit, which indicated the fee was $5,000.

At the conclusion of trial, the trial court entered the following pertinent orders:

1. Mayra was appointed sole managing conservator of K.N.H.; appellants were appointed possessory conservators;

2. Appellants are to pay $200.00 monthly to Mayra as child support[5]; and

3. Appellants are to pay attorney's fees in the amount of $5,000 to Mayra's trial counsel.

The trial court further issued orders for periods of possession of and access to K.N.H. for Gutierrez and appellants. The trial court also ordered the child's last name be changed and ordered her birth certificate be corrected to reflect Mayra and Gutierrez as the mother and father, respectively. A proposed final order was submitted for the trial court's consideration based on the pronounced judgment; however, appellants requested the final order also include the adjudication of parentage of K.N.H.

After the final order was signed, appellants filed a motion for new trial, asserting four errors: (1) Gutierrez never received notice of the trial setting; (2) the acknowledgment of paternity signed by Jenrri was not properly set aside, and thus the trial court could not adjudicate parentage; (3) the trial court lacked personal jurisdiction to order appellants to

---

[5] The final order did not distinguish whether the amounts were to be paid individually or jointly by appellants; however, the oral pronouncement specified that appellants were to pay a $200.00 combined total.

pay child support; and (4) the attorney's fees awarded to Mayra were not reasonable. Appellants further argued that they "did not agree for [Gutierrez] to appear telephonically." The motion for new trial was overruled.[6] This appeal followed.

## II. PARENTAGE

By their first issue, appellants assert that the trial court abused its discretion by ordering a genetic test for Gutierrez before Jenrri's acknowledgment of paternity had been set aside.

### A. Standard of Review and Applicable Law

Parentage suits, including the trial court's decision to order genetic testing, are reviewed for abuse of discretion. *In re Rodriguez*, 248 S.W.3d 444, 449 (Tex. App.— Dallas 2008, no pet.) (holding the trial court abused its discretion by ordering genetic testing after period to challenge presumption of paternity expired); *see also In re E.H.*, No. 05-19-01205-CV, 2021 WL 3754568, at *3 (Tex. App.—Dallas Aug. 25, 2021, no pet.) (mem. op.). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *In re Rodriguez*, 248 S.W.3d at 449 (citing *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding)).

The mother-child relationship may be established between a woman and child by the woman giving birth to the child, being adjudicated the mother of a child, or adopting the child. TEX. FAM. CODE ANN. § 160.201(a). The father-child relationship may be

---

[6] Although the trial court conducted a hearing on the motion for new trial and orally pronounced it was denying the motion, no order granting or denying the motion appears in the clerk's record provided to this Court. Therefore, we presume the motion was overruled as a matter of law. *See* TEX. R. CIV. P. 329b(c).

established by an unrebutted presumption of parentage, *see id.* § 160.204, an effective acknowledgment of paternity, an adjudication of parentage, or adoption of the child.[7] *Id.* § 160.201(b).

"[A] valid acknowledgment of paternity filed with the vital statistics unit is the equivalent of an adjudication of the paternity of a child and confers on the acknowledged father all rights and duties of a parent." *Id.* § 160.305(a). After the initial sixty-day recission period, "a signatory of an acknowledgment of paternity or denial of paternity may commence a proceeding to challenge the acknowledgment or denial only on the basis of fraud, duress, or material mistake of fact." *Id.* § 160.308(a). Generally, the proceeding to challenge an acknowledgment of paternity may be filed "at any time before the issuance of an order affecting the child . . . ."[8] *Id.* Evidence that the man who is the signatory to the acknowledgment is not rebuttably identified as the father through genetic testing constitutes a material mistake of fact. *Id*. § 160.308(d). The proceeding to challenge the acknowledgment "shall be conducted in the same manner as a proceeding to adjudicate parentage." *Id.* § 160.309(d). "At the conclusion of a proceeding to challenge an acknowledgment of paternity or a denial of paternity, the court shall order the vital statistics unit to amend the birth record of the child, if appropriate." *Id.* § 160.309(e).

A proceeding to adjudicate parentage may be maintained by the mother of the child. *Id.* § 160.602(a)(2). "The paternity of a child having a[n] . . .

---

[7] Because only an acknowledgment of paternity and adjudication of parentage are at issue in the present case, we focus our discussion on them.

[8] A party who is not a signatory to the acknowledgment of paternity must challenge the acknowledgment within four years of the date the acknowledgment becomes effective. TEX. FAM. CODE ANN. § 160.609(b).

acknowledged . . . father may be disproved only by admissible results of genetic testing excluding that man as the father of the child or identifying another man as the father of the child." *Id.* § 160.631(b). "[A] man excluded as the father of a child by genetic testing shall be adjudicated as not being the father of the child." *Id.* § 160.631(d).

## B.    Analysis

Appellants assert that the trial court abused its discretion by ordering genetic testing to establish parentage before Jenrri's acknowledgment of paternity had been set aside and allege that Mayra did not follow the required procedure to do so. Appellants request this Court remand the case for a new trial with instructions to set aside Jenrri's acknowledgment. In support of their assertion, appellants rely on two mandamus actions that challenged the trial courts' orders for genetic testing for children that had acknowledged fathers. *See In re Off. of Att'y Gen. of Tex.*, 272 S.W.3d 773, 776 (Tex. App.—Dallas 2008, orig. proceeding); *In re Att'y Gen. of Tex.*, 195 S.W.3d 264, 269 (Tex. App.—San Antonio 2006, orig. proceeding). In both cases, the appellate courts held the trial courts abused their discretion by ordering genetic testing where a valid acknowledgment of paternity was filed with the vital statistics unit. *See In re Off. of Att'y Gen. of Tex.*, 272 S.W.3d at 776; *In re Att'y Gen. of Tex.*, 195 S.W.3d at 270.

However, in both cases, the courts of appeals analyzed the trial courts' orders under a prior version of the statute dictating the time in which an acknowledgment of paternity may be challenged. *See* ADOPTION OF THE UNIFORM PARENTAGE ACT, 77th Leg., R.S., Ch. 821, § 1.01, 2001 Tex. Sess. Law Serv. Ch. 821 (codified at TEX. FAM. CODE ANN. § 160.308). Under the prior version, the proceeding to challenge the acknowledgment of paternity must have been brought within four years of the effective

7

date of the acknowledgment. *See id.* In both cases, the challenge to the acknowledgments came more than four years after their effective dates. *See In re Off. of Att'y Gen. of Tex.*, 272 S.W.3d at 774–75; *In re Att'y Gen. of Tex.*, 195 S.W.3d at 266. The current version of the statute permits a party to challenge an acknowledgment of paternity at any time before an order affecting the child has been entered. *See* TEX. FAM. CODE ANN. § 160.308(a). Accordingly, we do not find those cases instructive to the present circumstances.

Appellants and Mayra both indicated in their petitions that no court-ordered conservatorships, guardianships, or other relationships exist affecting the child. Without a previous order affecting K.N.H., the deadline to challenge Jenrri's acknowledgment of paternity and establish another man as K.N.H.'s father had not yet passed. *See id.* §§ 160.308(a), 160.609(a). The family code requires a proceeding to challenge an acknowledgment of paternity be conducted in the same manner as a proceeding to adjudicate parentage found in subchapter G of the family code. *Id.* § 160.309(d). Mayra filed a petition to adjudicate parentage, naming Gutierrez as the potential father of K.N.H. and including Jenrri and Castro as parties, which meet the statutory requirements for a petition to adjudicate parentage. *See id.* § 160.601–.603.

In her petition, Mayra indicated that the purpose of the suit was to "establish the parent-child relationship between Mayra . . . and the child[,]" "establish the parent-child relationship between [Gutierrez] and the child," and "exclude [Jenrri] as the alleged father of [the] child and [Castro] as the alleged mother of the child." Further, according to the trial court's temporary order, genetic testing revealed that Gutierrez, not Jenrri, is K.N.H.'s father. The family code allows the paternity of an acknowledged father be disproved by

8

genetic evidence that another man is the father of the child. *See id.* § 160.631(b). Such a provision would be meaningless if trial courts did not have the discretion or authority to order genetic testing of a man other than the acknowledged father. Evidence of genetic testing that disproves a signatory of an acknowledgment is the father of a child constitutes a material mistake of fact necessary to challenge an acknowledgment. *See id.* § 160.308(a), (d).

Finally, the trial court ordered that K.N.H.'s birth certificate be amended to reflect the trial court's adjudication of parentage. *See id.* § 160.309(e). Accordingly, we conclude that Mayra followed the proper procedure to challenge Jenrri's acknowledgment of paternity and establish Gutierrez as the father of K.N.H. The trial court did not err by adjudicating Gutierrez as K.N.H.'s father. However, the trial court's order should have included an adjudication that Jenrri is not the father of K.N.H. *See id.* § 160.631(d). As such, to the extent appellants complain the trial court failed to formally set aside Jenrri's acknowledgment of paternity, appellants' first issue is sustained. To the extent appellants argue that the trial court abused its discretion in ordering genetic testing for Gutierrez and adjudicating him as father, appellants' first issue is overruled.

### III. CHILD SUPPORT

In their second issue, appellants complain that the trial court lacked personal jurisdiction and authority to order appellants to pay child support as non-parents. However, by petitioning the trial court for affirmative relief, appellants submitted themselves to the jurisdiction of the court. *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998); *see also Cantu v. Gray & Becker, P.C.*, No. 03-02-00099-CV, 2002 WL 31599470, at *4 (Tex. App.—Austin Nov. 21, 2002, pet. denied) ("Texas courts are courts

of general jurisdiction and have personal jurisdiction over Texas residents and all other persons who are amenable to process issued by the courts of this state.") Accordingly, we focus our review on whether the trial court possessed the authority to order appellants to pay support for K.N.H.

## A.    Standard of Review and Applicable Law

A trial court's child support order is reviewed under an abuse of discretion standard. *In re R.D.E.*, 627 S.W.3d 798, 800 (Tex. App.—Corpus Christi–Edinburg 2021, pet. denied). However, "[a] trial court has no discretion to determine what the law is." *In re Francis*, 186 S.W.3d 534, 538 (Tex. 2006).

Texas Family Code § 154.001 permits a trial court to "order either or both parents to support a child . . . ." TEX. FAM. CODE ANN. § 154.001(a). The term parent includes an adoptive or biological mother, an adoptive father, or a man presumed, adjudicated, or otherwise legally determined to be the father of the child. *Id.* § 101.024. A trial court lacks authority to order a person who is not a parent of the child to pay support for the child. *In re A.J.L.*, 108 S.W.3d 414, 421 (Tex. App.—Fort Worth 2003, pet. denied); *Mata v. Moreno*, 601 S.W.2d 58, 59 (Tex. App.—Houston [1st. Dist.] 1980, no writ).

## B.    Analysis

As discussed *supra*, the trial court concluded that Gutierrez, not Jenrri, is the father of K.N.H. through genetic testing and adjudicated him so. Mayra, not Castro, was adjudicated as K.N.H.'s mother. Further, the order identifies appellants as the maternal aunt and uncle of K.N.H., not as parents, and Jenrri has been excluded as the father of K.N.H. by virtue of Gutierrez's genetic testing results. Accordingly, the trial court lacked authority to order appellants to pay support for K.N.H. and erred in doing so. *See* TEX.

FAM. CODE ANN. § 154.001(a); *In re A.J.L.*, 108 S.W.3d at 421. Appellants' second issue is sustained.

### IV.   ATTORNEY'S FEES

By their third issue, appellants complain that Mayra did not present evidence of the reasonable hours spent working on the case nor hourly rate for such work and was thus insufficient to support the trial court's award.

### A.   Standard of Review

The decision to award reasonable attorney's fees and the amount awarded are within the broad discretion of the trial court. TEX. FAM. CODE ANN. § 106.002(a); *In re K.A.M.S.*, 583 S.W.3d 335, 349 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The trial court's award of attorney's fees is reviewed for an abuse of discretion. *Gerges v. Gerges*, 601 S.W.3d 46, 65 (Tex. App.—El Paso 2020, not pet.) (citing *Tucker v. Thomas*, 419 S.W.3d 292, 296 (Tex. 2013)). "A trial court abuses its discretion only when it has acted in an unreasonable or arbitrary manner, or when it acts without reference to any guiding principle." *Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.) (quoting *In re Marriage of Jeffries*, 144 S.W.3d 636, 638 (Tex. App.—Texarkana 2004, no pet.). "Under an abuse of discretion standard, legal and factual sufficiency challenges to the evidence are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion." *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App—Austin 2006, pet. denied). "However, an award of attorney's fees must be supported by evidence that the fees are reasonable and necessary." *In re K.A.M.S.*, 583 S.W.3d at 349 (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991)). Accordingly, "we consider whether the trial court had sufficient evidence upon which to

exercise its discretion and, if so, whether it erred in the exercise of that discretion." *Coburn*, 433 S.W.3d at 823. An appellant may raise the issue regarding the sufficiency of the evidence for the first time on appeal. TEX. R. APP. P. 33.1(d).

## B.    Applicable Law

"The reasonableness of a judgment for attorney's fees is a question of fact, for which competent evidence must be put forth." *Sims v. Sims*, 623 S.W.3d 47, 66 (Tex. App.—El Paso 2021, pet. denied). "The party seeking fees must prove both reasonableness and necessity of the fees sought." *Id.* (citing *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017) (orig. proceeding)). We apply the lodestar method to determine what constitutes reasonable attorney's fees. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 494 (Tex. 2019) (quoting *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012)). Under the lodestar method, the trial court "must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work." *El Apple*, 370 S.W.3d at 760. "The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar." *Id.*

> The starting point for determining a lodestar fee award . . . is the number of hours "reasonably expended on the litigation," and proof of reasonable hours "should include the basic facts underlying the lodestar, which are: (1) the nature of the work, (2) who performed the services and their rate, (3) approximately when the services were performed, and (4) the number of hours worked."

*Rohrmoos Venture*, 578 S.W.3d at 494–95 (quoting *El Apple*, 370 S.W.3d at 762–63). "The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar." *El Apple*, 370 S.W.3d at 760. The lodestar may be adjusted based on relevant factors, if the factors indicate that an adjustment is necessary

12

to reach a reasonable fee. *Id.*

"General, conclusory testimony devoid of any real substance will not support a fee award." *Rohrmoos Venture*, 578 S.W.3d at 501. Absent the factors listed above, a trial court does not have sufficient and specific information on which to base its award of fees. *Id.*

If we reverse a trial court's determination of attorney's fees for insufficient evidence, we remand the case to the trial court for redetermination of fees. *Sims*, 623 S.W.3d at 68; *see also In re B.L.B.*, No. 13-13-00594-CV, 2014 WL 2158132, at *8 (Tex. App.—Corpus Christi–Edinburg May 22, 2014, no pet.) (mem. op.) ("We remand the case for further proceedings consistent with this opinion . . . because rendering a judgment would usurp the trial court's discretion to determine whether to award attorney's fees in this SAPCR." (citing *Woollett v. Matyastik*, 23 S.W.3d 48, 53 (Tex. App.—Austin 2000, pet. denied))).

## C.    Analysis

At trial, Mayra's counsel provided limited testimony regarding the attorney's fees requested. The bulk of counsel's testimony was that Mayra was charged $5,000.00 which counsel believed was "fair and reasonable" and that her firm "devoted numerous hundreds of hours to this case over the last four years" by attending mediation, trial, and conducting discovery. However, no evidence was offered regarding the nature of the work completed, who performed the services and at what rate, when the services were performed, and the number of hours worked. *See Rohrmoos Venture*, 578 S.W.3d at 494–95. Although Mayra's counsel submitted the attorney-client contract showing a $5,000 fee for a contested case, no billing records or other evidence established the

13

number of hours worked or rates charged. *See id.* at 502 ("Contemporaneous billing records are not required . . . [but are] *strongly* encouraged to prove the reasonableness and necessity of requested fees . . . .").

Because the evidence as to the reasonableness and necessity of fees was so deficient, the trial court did not have sufficient information on which to base its award. *See In re K.A.M.S.*, 583 S.W.3d at 349; *Coburn*, 433 S.W.3d at 823. Accordingly, the trial court abused its discretion by awarding Mayra attorney's fees. *Coburn*, 433 S.W.3d at 823. Appellants' third issue is sustained.

## V.     APPEARANCE AND WAIVER

By their final issue, appellants argue the trial court committed error by proceeding to trial without providing notice to Gutierrez and allowing him to waive his appearance telephonically. *See* TEX. R. CIV. P. 245 (requiring forty-five days' notice for trial on contested matters unless otherwise agreed). [9]

In support of their claim that Gutierrez was not notified, appellants point to their trial counsel's statement that Gutierrez's whereabouts were unknown and that he was "out in space." During announcements, a woman claiming to be Gutierrez's mother, identified by appellants' trial counsel, provided Gutierrez's phone number to the trial court. Without an objection from either party, the trial court called the number and the following exchange occurred:

---

[9] We note that generally parties cannot maintain a complaint on behalf of a third party but do not address that issue today. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) ("Under the Texas Constitution, standing is implicit in the open courts provision, which contemplates access to the courts only for those litigants suffering an injury."); TEX. CONST. art. I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.").

[Court]:     Hi Mr. Gutierrez.

[Gutierrez]:   Uh-huh, who's this?

[Court]:     This is Judge Dunson from 309th and we're here having a trial for the Delgado case.

. . . .

[Court]:     I'm just making sure—making sure I have the right person; Christian Alberto Osorto Gutierrez?

[Gutierrez]:  Uh-huh.

. . . .

[Court]:     You came to court—and came to court a couple of times and you also have done a DNA test to determine that the child is your child, correct?

[Gutierrez]:   Uh-huh.

[Court]:     Okay. So you've made an appearance in court but you don't have a desire to participate in the trial? It's between the mom and the intervenor.

[Gutierrez]:   Yeah, yeah, that's between the mom and the brother.

[Court]:     Okay. So I'm just making sure. So thank you, Mr. Gutierrez.   Court will make—that you appeared by—made notice that you appeared by phone today and that you waived—you waive your right to participate in the trial. Did you understand that, sir?

[Gutierrez]:  Yes, a little bit.

[Court]:     Okay. I said I'm making a note and you're on the record that I called you by phone and you made an appearance by phone and you waived your right to participate in this trial today?

[Gutierrez]:  Uh-huh.

[Court]:       Is that correct?

[Gutierrez]:   That is correct. . . .

Contrary to appellants' assertion, the record before us does not indicate whether

15

Gutierrez was provided notice prior to trial on the merits. Regardless, in order to preserve a complaint for appellate review, an appellant must make a timely request, objection, or motion and receive a ruling on that request, objection or motion. TEX. R. APP. P. 33.1(a). A party who fails to object to a lack of notice under Texas Rule of Civil Procedure 245 and proceeds to trial waives the complaint for review. *Stallworth v. Stallworth*, 201 S.W.3d 338, 346 (Tex. App.—Dallas 2006, no pet.); *see* TEX. R. CIV. P. 245. Because appellants did not object at trial, they have waived the issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Stallworth*, 201 S.W.3d at 346. Appellants' fourth issue is overruled as waived.

## VI. CONCLUSION

We reverse the trial court's order of child support and attorney's fees payable by appellants to Mayra and remand the matter for further proceedings consistent with this memorandum opinion. We further remand the matter of adjudication of Jenrri as not being the father of K.N.H. to the trial court consistent with this memorandum opinion. Further, because the adjudication of parentage appears only in temporary orders which were disposed of upon entering a final order, we recommend trial court include the adjudication of parentage in the final order for clarity. The remainder of the trial court's judgment is affirmed.

CLARISSA SILVA
Justice

Delivered and filed on the
27th day of January, 2022.

16